Argued December 6, 1966, affirmed April 26, 1967

STATE OF OREGON, *Respondent, v.* JACK
DUANE HARRIS, *Appellant.*

427 P. 2d 107

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Richard Smurthwaite,* Deputy District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Hollie Pihl, District Attorney, Hillsboro.

618

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN,* Justices.

DENECKE, J.

This is another appeal caused by Oregon's outdated criminal statutes.[1] We are required to draw a fine distinction between larceny and embezzlement because such a distinction was drawn by the Eighteenth Century English courts and incorporated into the Oregon statutes by Mathew Deady in Oregon's first code. This distinction serves no purpose whatsoever in the Twentieth Century. Foley, *Criminal Law—Larceny, Embezzlement, and False Pretenses—Need for a Comprehensive Theft Statute in Oregon,* 41 Or L Rev 242 (1962).

The indictment charging defendant carried the notation ORS 164.310, the larceny statute. The indictment stated that the defendant stole and carried away $1,800. The indictment would be construed as charging larceny. *State v. Tauscher,* 227 Or 1, 8, 360 P2d 764, 88 ALR2d 674 (1961).

The defendant was a cook in a restaurant. His duties included opening in the morning. He was given a key to the premises and the combination to the safe. Defendant was to open the safe, take out two bags, each containing $200, and put the contents of each bag in a cash register on the premises for change. He had no duties with respect to the balance of the money kept in the safe.

---

* Holman, J., did not participate in this decision.

[1] State v. Thompson, 240 Or 468, 402 P2d 243 (1965); State v. Keys, 244 Or 606, 419 P2d 943 (1966), also involved outdated distinctions in our criminal law.

One morning customers called the owner of the restaurant and said the cook, Harris, was not there. The owner went over, checked the safe and found it empty and nothing in the registers. The safe had contained over $1,400 when closed the night before. The defendant practically admitted the taking and his admissions were introduced through defense witnesses. His principal defense at the trial was insanity.

The larceny statute provides: "Any person who steals the property of another, or who wilfully takes, carries, leads or drives away the property of another with the intent to deprive such other of such property permanently, is guilty of larceny;  *   *   *." ORS 164.310.

The embezzlement statute provides: "Any  *   *   * employe  *   *   * who embezzles or fraudulently converts to his own use  *   *   * money [belonging to another] which  *   *   * has come into his possession or is under his care by virtue of his employment  *   *   * shall be deemed guilty of larceny and shall be punished as provided in ORS 164.310 [the larceny statute]  *   *   *." ORS 165.005. It should be observed that the statute provides that one committing the acts constituting embezzlement "shall be deemed guilty of larceny."

The defendant's contention is that the money he is accused of stealing was in his possession or "under his care" and, therefore, the crime proved is not larceny but embezzlement. His contention, stated another way, is that larceny requires a trespass or wrongful taking and such cannot occur when the money taken was in his possession or under his care.

This court, and others, have gone to some lengths to sustain larceny convictions when the facts were gen-

erally similar to those in the present case. Several different reasons have been advanced.

■ In *State v. Coleman,* 119 Or 430, 438, 249 P 1049 (1926), the defendant was a deputy sheriff and chief custodian of the courthouse and had access to the place where tax moneys were kept. He took some of the tax moneys. His conviction for larceny was sustained. The defendant made the same contention as made here, —his offense, if any, was embezzlement. We stated that when the defendant entered the place where the money was kept with the intent to steal, he became a trespasser; or if he entered with a lawful intent, but subsequently formed the intent to take the funds, he became a trespasser. That decision also seems to adopt another distinction between larceny and embezzlement which is succinctly stated in ALR as follows: "[F]or an employee (or another person) to convert property intrusted to him with limited authority for a specific purpose is larceny rather than embezzlement." Annotation, 146 ALR 532, 571, on "Distinction between larceny and embezzlement" (1943). Accord, *Talbert v. United States,* 42 App D C 1, 15 (1914), in which the embezzlement statute was similar to Oregon in that it referred to possession and property "under his care."

The conviction is sustainable on either of these grounds.

Affirmed.