Argued October 6, affirmed November 15, 1967

# STATE OF OREGON, *Respondent, v.*
# FRED R. LEWIS, *Appellant.*

### 433 P. 2d 617

H. R. DeSelms, Lincoln City, argued the cause for appellant. With him on the briefs were Adams and DeSelms, Lincoln City.

A. R. McMullen, District Attorney, Newport, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, DENECKE and LUSK, Justices.

DENECKE, J.

The defendant was convicted of the larceny of two television sets and appeals.

The defendant assigns as error the trial court's denial of his motion for a directed verdict of acquittal. He contends there was no evidence of the corpus delicti.

No evidence was offered by the defendant. The state's evidence was that the defendant registered at a motel at Newport, Oregon, about 5:00 p.m. and secured two rooms. He paid for the rooms by the use of a credit card which was stolen, or, at least, was a card which the defendant was not authorized to use. He received the keys to the units. No one was able to testify that he went into the units. He was never seen after he left with the keys although some time thereafter defendant's car was seen in front of the units he rented. The proprietor went to the rooms about 8:00 the next morning, unlocked them and found that the television sets were gone. The sets had been in the rooms at about 4:00 p.m. the previous day when

the proprietor had checked and locked the rooms. Apparently, the sets were never found.

■ The defendant contends that there was no proof of the corpus delicti. In larceny the corpus delicti is composed of two elements: (1) one entitled to possession of the property has been deprived of possession; and (2) the deprivation has been accomplished by a felonious taking. *State v. O'Donnell,* 229 Or 487, 495, 367 P2d 445 (1962).

■ Evidence that the property has been taken from the possession of the owner without his knowledge or consent is evidence of both of the elements of the corpus delicti. *People v. Maruda,* 314 Ill 536, 145 NE 696, 698 (1924). This is probably the holding in *State v. Eppers,* 138 Or 340, 350, 3 P2d 989, 6 P2d 1086 (1932).

■ The owner in this case testified that the television sets were taken from the rooms without his knowledge or consent. In addition, the evidence connecting the defendant with the taking is further evidence of the corpus delicti. Such evidence is competent for both purposes. *State v. Marcy,* 189 Wash 620, 66 P2d 846, 847 (1937); *State v. Hall,* 105 Utah 162, 145 P2d 494, 495 (1944).

■ In his assignment of error the defendant does not assert that even though the corpus delicti be proved, there is no evidence that the defendant committed the theft. However, both in the brief and in the oral argument this contention is suggested. We find that the above-stated evidence is sufficient for the jury to find that the defendant committed the larceny.

■ The value of the television sets was testified to by the owner of the sets. Value testimony was necessary to prove that the offense was grand larceny. The defendant contends that the owner, merely because

he was the owner, was not competent to testify to value. We have consistently held that an owner, by reason of ownership, is competent to testify to the value of chattels. *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964).

■ Lastly, the defendant urges that if he is guilty of any crime it is embezzlement, rather than larceny, because he had possession of the sets through his right to use the motel rooms. Larceny requires a trespass to possession.[1]

■ The defendant's contention is not meritorious. *State v. Harris,* 246 Or 617, 427 P2d 107 (1967). In *State v. Harris* the defendant had access to a restaurant safe for the purpose of taking out bags of change for the cash registers. He took out all the money and we sustained his conviction of larceny. We stated:

"\* \* \* [W]hen the defendant entered the place where the money was kept with the intent to steal, he became a trespasser; or if he entered with a lawful intent, but subsequently formed the intent to take the funds, he became a trespasser. \* \* \*" 427 P2d at 109.

In addition to the above reason, decisions from other jurisdictions hold that a guest in a hotel or motel does not have "possession" of the room and its contents; a guest has only the right to use the room and its contents. *Roberts v. Casey,* 36 Cal App2d Supp 767, 93 P2d 654, 657 (1939); *Marden v. Radford,* 229 Mo App 789, 84 SW2d 947, 955 (1935); cases collected in 64 Yale L J 391 (1955). Most of these decisions are in cases in which the plaintiff is suing for personal injuries caused by a defect in the rented premises or

---

[1] This issue only arises because of Oregon's antiquated criminal code. State v. Harris, 246 Or 617, 427 P2d 107 (1967).

personal property therein and the issue is whether the plaintiff was a tenant with exclusive possession or a guest or lodger with some different relationship to the room and its contents. If the plaintiff is a tenant generally no recovery can be had.

We conclude that in a larceny case the guest does not have "possession" of the personal property in his rented room and, therefore, he can be guilty of larceny if he feloniously takes such property.[2]

Affirmed.

---

[2] Different considerations must be considered when a question of search and seizure is involved. Stoner v. California, 376 US 483, 84 S Ct 889, 11 L ed2d 856, reh den 377 US 940, 84 S Ct 1330, 12 L ed2d 303 (1964).