SPECTOR, Judge.
Petitioner has filed an original ha-beas corpus proceeding in this court seeking to be released from prison on the primary ground that the State knowingly used false and perjured evidence against him and, further, that it suppressed evidence which was favorable to petitioner. Nowhere does petitioner tell us specifically what evidence was perjured as he contends, nor does he state what the true facts are with respect to the allegedly perjured testimony. Moreover, the petition is fatally defective because petitioner fails to allege with any degree of specificity the favorable evidence which he contends the prosecution suppressed to his detriment. Additional grounds for relief are alleged, but they are so devoid of merit that mention of them is not warranted.
Petitioner was charged and convicted of larceny as proscribed by Section 811.021, Florida Statutes, F.S.A. The said conviction was the subject of this court’s consideration on direct appeal and we affirmed. See Mullis v. State, 220 So.2d 387. Subsequent to the affirmance of his conviction, petitioner filed an original habeas corpus proceeding in this court which said petition was denied after consideration on May 28, 1969. Now we have the instant and successive habeas corpus proceeding before us.
The grounds for relief alleged in the instant proceeding are substantially the same as those considered by the court in petitioner’s earlier habeas corpus case referred to above. That decision is res ad-judicata with respect to the successive contentions made herein.
In order to ascertain the factual background underlying petitioner’s contentions, we have examined the record of his case on direct appeal, and our consideration of the trial transcript persuades us that pe *372 titioner was properly tried and convicted of the charges against him.
Petitioner was the operator of a collection agency in Marion County. He solicited and entered into a contract with the complaining witness whereunder he was engaged as her agent to collect a past due account in the amount of $1,500 due her from a New York resident. Pursuant to said agency contract, petitioner contacted the debtor by mail and was successful in obtaining almost immediate payment. Petitioner’s conduct to the complaining witness however was not as cooperative as that of the debtor. Instead of remitting the funds collected minus his commission, petitioner kept the entire amount and appropriated it to his own use. Such conduct falls within the definition of larceny .as defined in Section 811.021, Florida Statutes, F.S.A.
The petition is denied.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.