Argued April 22, affirmed May 13, 1971

# STATE OF OREGON, *Respondent, v.* WILLIAM ARTHUR NEEDHAM (C-51623), *Appellant.*

484 P2d 1123

*Richard A. Reichsfeld*, Portland, argued the cause for appellant. On the brief were Gregory & Reichsfeld, Portland.

*Ted E. Barbera*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction of embezzlement under ORS 165.005. He contends that he is not within one of the classes that can be charged under the statute, and that the court improperly exercised its discretion in denying his motion for a continuance.

Defendant was employed under a written agreement as a salesman for Harry L. Marx & Associates, Inc., doing business as Beltone Hearing Aid Center, referred to as Distributor. The agreement specified that defendant was an independent contractor. He was required, as an exclusive occupation, to sell hearing aids for the Distributor, subject to the Distributor's approval, and furnish his own vehicle and expenses, all in a specified territory. The agreement provided that:

"* * * [A]ll collections and trade-ins obtained by the Salesman shall be * * * forwarded to Distributor immediately without any deduction whatsoever * * *."

His remuneration was to be from a payment schedule attached to the contract.

The evidence proved that defendant sold the Distributor's product to a Hood River customer, collected $300 in a check payable to himself, and turned $10 in to the Distributor with a form showing $290 still due from the customer, plus another future payment. The $290 was retained by defendant and not paid to the Distributor.

ORS 165.005 provides that

> "Any officer, agent, clerk, employe or servant \* \* \* or trustee or any other person acting as fiduciary who embezzles or fraudulently converts to his own use \* \* \*,"

is guilty of the crime therein defined. Defendant was indicted as an "agent or employe" of the Distributor.

■ Unless defendant fell within a named class his motion for acquittal should have been granted. *State of Oregon v. Monk*, 193 Or 450, 454, 238 P2d 1110 (1951). The indictment unnecessarily restricted the state to proof that defendant was an agent or employe, for it could have alleged that defendant was a trustee of the funds, and a fiduciary. However, the term "agent" used in the statute is not limited. Hence, if defendant can be considered an agent in any reasonable sense, he was properly charged. Among the definitions of an agent in Black's Law Dictionary 85 (4th ed 1951), we find:

> "\* \* \* A business representative, whose function is to bring about, modify, affect, accept performance of, or terminate contractual obligations between principal and third persons \* \* \*."

Certainly, in spite of the independent contractor status placed upon defendant by the contract, his function

included bringing about contractual relations between Distributor and third persons. For purposes of construing ORS 165.005 and related larceny statutes, we are not inclined to draw a finer line than is forced upon us by the statutes. See discussion in *State v. Harris*, 246 Or 617, 618, 427 P2d 107 (1967). We conclude that defendant was properly charged under ORS 165.005 and that the evidence supports the verdict.

■ At a point in the second and last day of the trial, after the defense had called three witnesses, defendant moved for a continuance in order to have time to "subpoena some people from Eastern Oregon." In seeking the continuance, defendant did not comply with the affidavit requirements of ORS 17.050. Questioning by the court elicited the information that two of such witnesses actually lived in Parkdale, and one in Hood River—not more than 65 miles away, and possibly one was in Eastern Oregon.

Defendant's counsel was the last of seven attorneys defendant had prior to trial. He claimed he had not sufficient time for preparation. Defendant's seven different attorneys came and all but one ceased employment between October 1, 1968, and January 27, 1970. During this period of 15 months defendant pled guilty, withdrew that plea, pled not guilty, and was arrested for failure to appear while released on recognizance (which occurred again after verdict). Present counsel was appointed December 5, 1969. The trial commenced January 27, 1970. Under these circumstances there was ample opportunity to prepare for trial, and continuance was properly refused. *State v. Hill*, 240 Or 313, 401 P2d 43 (1965); *State v. Loscy*, 3 Or App 612, 475 P2d 430, Sup Ct *review denied* (1970). Defendant's own conduct appears to have been

a major factor in lack of preparation for trial, if in fact there was any lack.

Affirmed.