563 P.2d 1175

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Dorsey Lee ROBERTSON,**
**Defendant-Appellant.**

**No. 2729.**

Court of Appeals of New Mexico.

April 26, 1977.

Certiorari Denied May 6, 1977.

William A. L'Esperance, Santa Fe, for defendant-appellant.

Andrea R. Buzzard, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of larceny over $2,500.00, defendant appeals. Section 40A–16–1, N.M.S.A.1953 (2d Repl. Vol. 6). The issues on appeal involve: (1) continuance; (2) sufficiency of the evidence; and (3) a refused instruction.

### Continuance

■ Immediately before the trial began defendant orally moved that the trial setting be vacated so as to enable defendant to have a polygraph examination. No evidence was offered in support of the motion. The hearing on the motion consisted entirely of representations of counsel. The trial court denied the motion. Its ·reason for

doing so was that the examiner chosen by defendant had stated that any examination results would not be meaningful because of pain suffered by defendant as a result of alleged injuries suffered in an automobile accident. The trial court also pointed out that defendant had had prior opportunities to obtain the examination. The reasoning of the trial court is supported by representations of counsel. On this showing, we cannot say the trial court abused its discretion in denying the requested continuance. *State v. Blea*, 88 N.M. 538, 543 P.2d 831 (Ct.App.1975).

■ The showing referred to in the preceding paragraph appears in a supplemental transcript which was filed without the permission of this Court. N.M.Crim.App. 209(g). The supplemental transcript is not entitled to consideration. Once the supplemental transcript is excluded, there is nothing to show either that a continuance was sought, or that timely efforts were made to obtain a polygraph examination, or that the trial court abused its discretion.

### Sufficiency of the Evidence

■■ Larceny, as defined in § 40A–16–1, supra, requires an unlawful taking and an intent to permanently deprive the owner of his property. *State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App.1974); *State v. Puga*, 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973). Defendant claims there is no evidence of an unlawful taking and no evidence of the requisite intent. We disagree.

■ There is evidence that defendant, an employee of the corporate owner of the property, took the property from the business where it had been repaired, sold the property to a third person and retained the proceeds of the sale. There is evidence that defendant had no authority either to obtain possession of the property or to sell it. This is evidence of an unlawful taking with the requisite intent. The fact that there was conflicting evidence does not aid the defendant. We review the evidence in the light most favorable to support the verdict.

*State v. Santillanes,* 86 N.M. 627, 526 P.2d 424 (Ct.App.1974).

*Refused Instruction*

Defendant requested an instruction which read:

"If you find that the defendant Dorsey Lee Robertson was an employee of Permian Servicing Company, Inc., and as such had the right to have the possession of the equipment in question, then even though you find that the defendant Dorsey Lee Robertson sold said equipment without authority you are to find him not guilty as charged in this Information."

■ Defendant claims the trial court erred in refusing this requested instruction. He asserts that the instructions given by the trial court failed to instruct on defendant's right to possess the equipment; that this "right to possess" involves both the element of possession and the element of intent; that both of these elements are covered in the refused instruction which represented defendant's theory of the case. We need not discuss the validity of these contentions. It is not error to refuse a requested instruction which is an incorrect statement of the law. *State v. Dutchover,* 85 N.M. 72, 509 P.2d 264 (Ct.App.1973). The requested instruction is an incorrect statement of the law.

■ The requested instruction is to the effect that a right to possess property which was wrongfully sold prevents the wrongful conduct from amounting to larceny. In arguing that view is correct, defendant does not distinguish between possession and the right of possession. It is not necessary in this case to consider the failure to make such a distinction. We assume, but do not decide, that a right of possession equates with possession. The requested instruction is erroneous under the facts of this case because it fails to consider the nature of any possessory rights.

The property involved is oil field equipment; it is undisputed that the equipment was owned by defendant's employer; that it had been left with a business to be repaired; that after the repairs were effected, the equipment remained on the premises of the repair business subject to directions of the employer. Although the repair business had actual custody of the equipment, the employer had constructive possession of the equipment. *State v. Rhea,* supra.

Defendant's job was that of a mechanic and welder. There is evidence that he had authority to obtain parts and service from the repair business. There is also evidence (disputed, of course) that defendant had authority to remove the equipment involved in this case from its location at the repair business. According to defendant, he had been authorized to sell the equipment by one of the four stockholders in the employer corporation. This evidence, if believed, shows nothing more than that defendant had authority to take the equipment in carrying out his employment.

If defendant physically removed the equipment from the repair business in carrying out his employment, what was the nature of his "possession"? 2 Wharton's Criminal Law and Procedure (Anderson) § 468 (1957) states:

"Since the physical control exercised by an employee over property entrusted to him by his employer is merely custody and not possession, an employee takes the property from his employer's possession, and thereby commits a trespass, when he converts it. He is accordingly guilty of larceny, without regard to whether he entertained such intent at the time he acquired custody, or not."

Under the evidence, defendant's physical control over the equipment was no more than custody of the equipment on behalf of the employer. Although defendant had custody, possession of the equipment remained in the employer. When defendant wrongfully sold the equipment, there was an unlawful taking of the equipment from the employer's possession. *United States v. Pruitt,* 446 F.2d 513 (6th Cir. 1971); *Home Ins. Co. of New York v. Trammell,* 230 Ala. 278, 160 So. 897 (1935); *Edwards v. State,*

244 Ark. 1145, 429 S.W.2d 92 (1968); *Mullis v. Wainwright*, 234 So.2d 371 (Fla.App. 1970); *Connor v. State*, 6 Md.App. 261, 250 A.2d 915 (1969); *Mahfouz v. State*, 303 So.2d 461 (Miss.1974); *State v. Leicht*, 124 N.J.Super. 127, 305 A.2d 78 (1973); *State v. Tilley*, 239 N.C. 245, 79 S.E.2d 473 (1954); *State v. Harris*, 246 Or. 617, 427 P.2d 107 (1967).

The requested instruction was incorrect because it failed to recognize that defendant's physical control of the equipment was no more than custody on behalf of an employer who retained possession.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.