611 P.2d 223

STATE of New Mexico, Plaintiff-Appellee,

v.

Alton Clifton HAMILTON, Defendant-Appellant.

No. 4083.

Court of Appeals of New Mexico.

Jan. 22, 1980.

Writ of Certiorari Denied Feb. 19, 1980.

Mary Jo Snyder, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant appeals his conviction for fraud under § 40A–16–6, N.M.S.A.1953 (currently codified as § 30–16–6, N.M.S.A. 1978). Several issues raised in the docketing statement were not briefed and are considered abandoned. *State v. Gallegos*, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978). In his brief, defendant claims that the trial court erred in failing to accept his tendered instruction to the jury concerning the reliance of the victim. The instruction given by the court was N.M.U.J.I.Crim. 16.30, N.M.S.A.1978, on fraud.

At trial the State presented evidence of a transaction between the State's witnesses, Joe Armijo and Herman Lovato insurance salesmen, and the defendant and his companion. About 4:00 on the afternoon of December 14, 1977, Mr. Armijo was approached outside the Armijo Insurance Agency by two men who said they were selling new televisions. Mr. Armijo went inside and came back with Herman Lovato. They both inspected the televisions which were wrapped in cellophane and looked like new color sets. Mr. Armijo asked why they were so cheap and if they were hot. He was told that the sets were new. Defendant and his companion said they were selling them for a friend who was going out of business. The witnesses agreed to purchase the two sets for $250.00. Armijo knew the price was very cheap for a new color television. The two sellers refused to take a check and wanted cash. Armijo then had his daughter, Dorothy McCoy, get the money, but he didn't intend for her to hand it over to the sellers right then. He said at trial that he didn't entirely trust the men and wanted to examine the televisions inside. The daughter did hand the money to the men who took a few steps toward the office but then took off in their car. Once inside, the witnesses discovered that the sets were not new.

The court instructed the jury pursuant to U.J.I.Crim. 16.30, which includes reliance by the victims as an element of the offense. Defendant had requested an additional instruction on reliance, explaining that the jury could not find reliance if it found the victims negligent in permitting themselves to be deceived. This instruction is not a Uniform Jury Instruction and was not used by the court.

■ This court has no authority to review Uniform Jury Instructions approved by the New Mexico Supreme Court. *State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App. 1977). However, we can review the trial court's denial of an instruction which amplifies an element of the crime presented in the Uniform Jury Instruction. To constitute ·error, the tendered and refused instruction must be a correct statement of the law. *State v. Robertson*, 90 N.M. 382, 563 P.2d 1175 (Ct.App.), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977). Defendant's tendered instruction is not a correct statement of the law in New Mexico. His proposed instruction reads:

If the injured party knows or by the exercise of ordinary prudence should know, at the time he parts with his property, that the misrepresentation is in fact false, then there was no reliance on the misrepresentation.

If the victim had the means at hand to determine the falsity of the misrepresentations, by making an .examination of the goods themselves, then he was negligent in permitting himself to be deceived and there was no reliance.

While in *State v. McKay*, 79 N.M. 797, 450 P.2d 435 (Ct.App.1969), this court set out that reliance is an essential element of fraud, we have not subsequently considered whether, in criminal cases, that reliance must be reasonable. *See, State v. Thoreen*, 91 N.M. 624, 578 P.2d 325 (Ct.App.), *cert. denied*, 91 N.M. 610, 577 P.2d 1256 (1978); *State v. Schifani*, 92 N.M. 127, 584 P.2d 174 (Ct.App.), *cert. denied*, 92 N.M. 180, 585 P.2d 324 (1978). However, in upholding a conviction of obtaining money under false pretenses, our Supreme Court wrote:

There are two positions in the offense of obtaining money under false pretenses regarding the mental condition of the

victim. There is the position taken in some of the cases that the statute was designed to extend no further than to embrace such representations as were accompanied with circumstances fitted to deceive a person of common sagacity and exercising ordinary caution. (Cites omitted.) The other position, which seems to be the majority view, holds that the statutes covering the crime are designed to protect not only the ordinarily wary and prudent, but also the ignorant, credulous, and foolish.

*State v. Jones*, 73 N.M. 459, 465, 389 P.2d 398, 402 (1964). The statute under which Jones was convicted, § 40–21–1, N.M.S.A. 1953, was repealed in 1963 when a new Criminal Code was adopted. N.M.Laws 1963, ch. 303, § 30–1. At that time, much of the law concerning fraudulent practices was re-written, and our current law on fraud emerged. N.M.Laws 1963, ch. 303, § 16–6. We followed *Jones* in *McKay* and apply the majority view stated in *Jones* to the facts before us. The negligence of the victim in allowing himself to be deceived is not something which the jury can properly consider, since the fraud exists whether or not the victim was negligent. The defendant's requested instruction was properly refused.

Defendant also appeals the trial court's refusal to allow the defendant to argue in closing argument that the reliance of the victims was not that of reasonably prudent persons. Since this view of the law is incorrect, it was not error for the trial court to prevent him from presenting this view to the jury.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

WOOD, C. J., and ANDREWS, J., concur.