Argued and submitted July 25, 1984, reversed and remanded January 23, 1985

## JESKA et ux,
*Appellants,*

*v.*

## MULHALL,
*Respondent.*

## (83-2855-NJ-2; CA A30764)

693 P2d 1335

David B. Mills, Eugene, argued the cause for appellants. With him on the briefs were Hammons & Mills, Eugene.

Patrick Ford, Medford, argued the cause and submitted the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal from a judgment that dismissed their amended complaint with prejudice. They assign as errors that the court dismissed their original complaint for failure to state a claim for fraud, ORCP 21A(8), and struck the amended complaint as sham and frivolous. Plaintiffs did not replead, and the court entered judgment. We reverse and remand.

In the original complaint plaintiffs alleged that defendant is an attorney, that his clients, the Dufts, offered to sell their interest in certain real property (the "property"), that before the transaction closed defendant, as attorney for the Dufts, contacted plaintiffs regarding the proposed sale and told them:

"a.   The property was a lot of property for the money;

"b.   He would explain this transaction to plaintiffs,"

that plaintiffs relied on these representations and that they purchased the Dufts' interest in the property for $12,603.75. Plaintiffs also alleged that a joint venture of six people, including the Dufts, owned the property, that the joint venture agreement required the consent of all joint venturers to the sale, that defendant had drawn the joint venture agreement as attorney for the venture, that after the transaction closed three of the joint venturers obtained a court declaration that plaintiffs had not acquired any interest in the property or the joint venture because consent was lacking, that defendant failed to disclose that the joint venture agreement required the venturers to consent to the sale, that the venturers had not consented, that the Dufts could not transfer their interest in the property and that defendant also failed to disclose to plaintiffs the existence of a construction lien and certain unpaid taxes against the property.

If any of defendant's alleged statements is an actionable representation, the court erred in dismissing the original complaint. Defendant asserts that his statement "the property was a lot of property for the money" is not actionable, because it is a "mere opinion as to value." Generally, statements of opinion "as, for example, expressions by a vendor commendatory of the thing which he is trying to sell are not actionable even though false." *Holland v. Lentz,* 239 Or 332, 344, 397 P2d 787 (1964). On the other hand,

> "statements of opinion regarding quality, value, or the like, may be considered as misrepresentations of fact, that is, of the speaker's state of mind, if a fiduciary relation exists between the parties * * * or where the parties are not on an equal footing and do not have equal knowlege or means of knowledge * * *." *Holland v. Lentz, supra,* 239 Or at 345. (Citations omitted.)

*See also Sellers v. Looper,* 264 Or 13, 16, 503 P2d 692 (1972); *Hansen v. Holmberg,* 176 Or 173, 179, 156 P2d 571 (1945); *Patterson v. Western L&B Co.,* 155 Or 140, 144, 62 P2d 946 (1936).

■ To whom, with what knowledge and in what context a defendant makes a statement bears on whether a statement of opinion is a "mere opinion of value" or an actionable "misrepresentation of fact." *See Holland v. Lentz, supra,* 239 Or at 346. According to the complaint, defendant, on behalf of his clients, contacted plaintiffs regarding the proposed sale. He knew that the Dufts could not transfer any interest without the consent of the other joint venturers. He knew that the property was encumbered with a construction lien and unpaid taxes. He knew that plaintiffs did not know of those matters. A possible inference from the facts pleaded is that defendant knew that plaintiffs were not getting anything of value for their money—that they were not receiving "a lot of property" for it. A reasonable person could also infer from the facts pleaded that, if defendant had disclosed the true facts, plaintiffs would not have believed that they were receiving "a lot of property" for their money.

In *Sellers v. Looper, supra,* the sellers of a house told the buyers that the house had a "good well." The court affirmed a judgment for the buyers on a fraud claim and stated:

> "A reasonable person, in this day of modern household conveniences, could believe that a 'good well' meant a well with adequate water for family household use and the plaintiffs relied on this representation. The evidence shows that defendants knew that the water in the well got low in the fall of the year and they had to be careful in flushing the indoor toilet or the well would probably go dry. The plaintiffs were not on equal footing with the defendants and did not have equal knowledge of the adequacy or lack of adequacy of the water in the well. *Holland, supra* at 345. The jury returned a

verdict for the plaintiffs and '[t]hese matters are ordinarily for the determination of the jury.' " 264 Or at 19.

In *Patterson v. Western L&B Co., supra,* the defendant told the plaintiff that the stock of an insolvent corporation was a "good investment." The court held:

> "Hence, while it has generally been held that statements of a vendor or his agent that a purchase of a thing offered for sale would be a good investment is a matter of opinion only and not actionable, * * * yet that rule is not applicable in a case where, as here, the subject offered for sale is stock to be issued by an insolvent corporation and the representation that its purchase would be a good investment is made to a person ignorant of the facts, who believed it to be true and acted upon it to his detriment. In such a case, the representation is not a mere expression of opinion but a fraudulent misrepresentation of an existing fact or condition of things. * * *

> "Hence, in so far as the demurrer and the motion for a directed verdict were based upon the ground that these representations were not actionable, they were properly overruled." 155 Or at 144.

■ As with a representation that a house has a "good well," and that stock is a "good investment," defendant's statement that the property "is a lot of property for the money" was not a "mere opinion as to value," but a representation of fact. A reasonable person could believe that defendant believed and expressed the belief that the Dufts' interest in the property was transferable and of value. The alleged representation was actionable.

■ ■ Defendant also asserts that the statement that he "would explain this transaction to plaintiffs" is not actionable, because it is "a mere promise to do something in the future." If, however, defendant made that promise with no present intention of keeping it, or with reckless disregard of any intention to keep it, it may be actionable. *Weiss v. Northwest Accept. Corp.,* 274 Or 343, 346, 546 P2d 1065 (1976); *see Sharkey v. Burlingame Co.,* 131 Or 185, 193, 282 P 546 (1929). Although, without more, defendant's failure to explain the transaction to plaintiffs is not a sufficient basis for an inference that he did not intend to explain it, *Jones v. Northside Ford Truck Sales,* 276 Or 685, 690-91, 556 P2d 117 (1976), plaintiffs' allegations of what defendant knew, its importance to the transaction and his subsequent silence

permit a reasonable inference that, when defendant said he "would explain this transaction to plaintiffs," he had no present intention of doing so or acted in reckless disregard of that promise.

■ ■     Defendant argues that the complaint shows that plaintiffs did not rely on his statement or suffer resulting injury, because plaintiffs do not plead that they ever asked defendant for an explanation before closing. Plaintiffs, on the other hand, allege that defendant misled them and induced them to close. A reasonable person could infer from defendant's statement in the context in which it is alleged that he made it that the transaction was explainable and the person would be sufficiently assured to proceed to close. Relying on *U. S. National Bank v. Fought,* 291 Or 201, 630 P2d 337 (1981), defendant also asserts that the complaint fails to state a claim because it shows on its face that he was not a party to the transaction. In *Fought,* however, the court recognized that "a business transaction between deceiver and deceived is not essential to an action for deceit." 291 Or at 220. Furthermore, the complaint otherwise states the elements of a fraud action. *See U. S. National Bank v. Fought, supra,* 291 Or at 220.

■     The court also erred in dismissing the amended complaint. That order was based on the erroneous conclusion that the original complaint was insufficient and, therefore, that the amended complaint, which substantially repleaded the original allegations, was sham and frivolous. It was not.

Reversed and remanded.