John **PINCETICH** and Marjorie Pincetich, Plaintiffs,

v.

Alvey Joseph **JEANFREAU**, Al Jeanfreau Associates, Inc., an Oregon corporation, and Integrated Resources Equity Corporation, a Delaware corporation, Defendants.

Civ. No. 88–487–JU.

United States District Court, D. Oregon.

Nov. 7, 1988.

Jan K. Kitchel, Schwabe, Williamson & Wyatt, Portland, Or., for plaintiffs.

Eric A. Lindenauer, Richard M. Layne, Garvey, Schubert & Barer, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

The matter before the court is defendants' motion to dismiss plaintiffs' amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b).

The amended complaint contains the following claims for relief: common law fraud, violations of Oregon securities law, Oregon racketeering, common law breach of fiduciary duty, common law negligence and negligence per se, violations of the federal Securities Act of 1933 (Sections 12(2) and 15), violations of the federal Securities Exchange Act of 1934 (Sections 10(b) and 20 and Rule 10b–5), failure to supervise, and federal racketeering. Defendants' motion attacks all of these claims, on various grounds.

## ALLEGATIONS OF THE COMPLAINT

The following factual allegations are contained in the amended complaint.[1] Plaintiffs, John and Marjorie Pincetich (the Pincetichs), are retired persons in their seventies living in Clatsop County, Oregon. Defendant Alvey Joseph Jeanfreau is a director, officer and controlling shareholder in defendant Al Jeanfreau Associates, Inc. (AJA, Inc.), an Oregon corporation. These two defendants are collectively referred to as the "Jeanfreau defendants." Defendant Integrated Resources Equity Corporation (IREC) is a securities broker/dealer and a Delaware corporation.

The Jeanfreau defendants are investment advisors and counselors and are also securities brokers/dealers. The Jeanfreau defendants are servants and agents of IREC, and all three defendants are alleged conspirators · in the acts and omissions charged by the Pincetichs. The Jeanfreau defendants hold themselves out as competent, qualified and trustworthy brokers, dealers and investment advisors.

In 1983, the Pincetichs contacted the Jeanfreau defendants after reading a newspaper article quoting Alvey Jeanfreau. The Pincetichs asked the Jeanfreau defendants to invest $180,000, the bulk of their assets. The Pincetichs told the Jeanfreau defendants that they desired investments that were safe, stable, secure and liquid, and that would produce a reasonable flow of income.

The Pincetichs met with Alvey Jeanfreau several times between October 12, 1983 and March 13, 1984. On his advice, they bought securities in five limited partnerships. Alvey Jeanfreau recommended against stocks and bonds and encouraged investing in the securities in the limited partnerships, stating that the securities were secure, stable in value, liquid, and would produce a good income flow.

Alvey Jeanfreau did not reveal to the Pincetichs that he was an agent for IREC, that over ninety percent of his income came from selling securities for IREC, or that the commissions earned from selling such securities are higher than those earned by normal stock brokers. Alvey Jeanfreau "downplayed or covered up the fact that he

---

1. The Pincetichs voluntarily amended their original complaint in an attempt to meet defendants' threatened motion to dismiss.

was a broker, that IREC was a broker-dealer, and that he really was interested in the high commissions rather than acting as an independent investment advisor." (Amended Complaint, ¶ 8).

In fact, the investments were unsuitable for plaintiffs, but "[d]efendants continued to represent to plaintiffs that the investments were secure, prudent, suitable, and reasonable, and plaintiffs did not discover and could not reasonably with the exercise of due diligence, have discovered the contrary until the summer of 1986." (Amended Complaint, ¶ 13). The returns on the investments were in a reasonable range in 1984, 1985, and the first two quarters of 1986, but thereafter the value of the investments began to decline greatly. The values of the limited partnerships were not readily obtainable in the *Oregonian* or the *Wall Street Journal.* Not until the fall of 1986 (less than two years before suit was filed), did the Pincetichs have "reasonable storm warnings about the value of their investments, the declining income, or their budding causes of action against defendants." (Amended Complaint, ¶ 14).

Each of the enumerated claims is based on the above facts. The Pincetichs allege that they were injured both by the defendants' representations regarding the value and suitability of the limited partnership securities, and by the defendants' failure to inform them of the relationship between the defendants and their true motivations.

## CONTENTIONS OF THE PARTIES

The defendants contend that eight of the Pincetichs' nine claims are barred by statutes of limitation. Defendants contend that the two-year statute of O.R.S. 12.-110(1) applies to the common law tort claims of fraud (first claim), breach of fiduciary duty (fourth claim), and negligence (fifth claim), and that each of these claims is barred because the purchases of securities occurred more than four years before the action was filed.

The Pincetichs respond that the discovery doctrine applies to each of these claims and that the amended complaint contains allegations that suit was filed less than two years after the facts upon which the claims are based were discovered or reasonably should have been discovered. Defendants reply that the allegations are insufficient to support a discovery or fraudulent concealment claim.

Defendants argue that the second claim is barred because a suit for securities violations under O.R.S. 59.115 must be commenced within three years of the sale of securities, or within two years after the facts upon which the violation is based were discovered or should have been discovered. As set out above, the Pincetichs respond that the suit was commenced less than two years after discovery, and defendants reply that the allegations of discovery are inadequate.

Defendants did not attack the ORICO (third) claim on statute of limitations grounds, as O.R.S. 166.725(11) has a five-year limitation period.

Defendants contend that the sixth claim and those portions of the eighth claim which are based on sections 12(2) and 15 of the Securities Act of 1933 (the 1933 Act) are absolutely barred because such claims must be brought within three years from the sale of the security. The Pincetichs concede this point.

Defendants contend that a two-year limitation period applies to the seventh claim and the remaining portion of the eighth claim, which are based on the Securities Exchange Act of 1934 (the 1934 Act), and that the Pincetichs fail to allege that they filed suit within two years from the date when they discovered or should have discovered their claim. The Pincetichs respond that the complaint alleges that they have filed this claim within two years of its discovery.

Defendants contend that a four-year limitation period applies to federal civil RICO actions (the ninth claim). The Pincetichs do not address this issue directly but appear to include it in their argument that they did not discover the injury until less than two years before the suit was filed.

Defendants contend that all nine claims fail to comply with Fed.R.Civ.P. 9(b), which

requires circumstances constituting fraud or mistake to be stated with particularity. Defendants contend that the particularity requirement applies not only to the fraud and securities fraud claims, but also to the state and federal RICO claims (because they allege fraudulent representations as predicate acts) and the negligence and breach of fiduciary duty claims (because they are based on the same nucleus of fact). Defendants also contend that the complaint fails to specify whether each defendant is primarily or secondarily liable for each claim. The Pincetichs respond that their claims are alleged with sufficient particularity.

Defendants contend that the third and ninth claims fail to allege essential elements of an ORICO or a federal RICO claim. Defendants contend that the RICO claims fail to allege that defendants violated specific subsection(s) of the RICO statutes, that defendants committed specific predicate acts, or that defendants engaged in a pattern of racketeering activity. The Pincetichs respond that they have adequately alleged violations of all three subsections of the Oregon and federal RICO statutes.

Defendants contend that the fourth claim does not adequately allege a fiduciary relationship between the Pincetichs and the various defendants. The Pincetichs respond that a fiduciary duty may exist between investment advisors and their customers.

Defendants contend that the representations alleged in the fraud and securities fraud claims are statements of opinion and do not constitute actionable representations. Defendants also contend that the negligence claim is deficient for failure to allege a duty owed by each defendant to the Pincetichs, and that the negligence per se claim fails to identify the statutes and rules violated. Finally, defendants contend that failure to supervise is not an independent cause of action, but at most a factor in determining secondary liability under section 20(a) of the 1934 Act. The Pincetichs oppose each of these contentions.

## APPLICABLE LAW

For purposes of a motion under Fed.R. Civ.P. 12(b)(6), the court views a complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

## DISCUSSION

1. Statute of Limitations Issues

■ The defendants contend that eight of the Pincetichs' nine claims are barred by the applicable statutes of limitations. The defendants do not attack the third claim on statute of limitations grounds. The Pincetichs concede that their claims under Sections 12(2) and 15 of the 1933 Act are barred, as actions under the 1933 Act may in no event be brought more than three years from the date of sale. *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1308 (9th Cir.1982). Therefore, the sixth claim and those portions of the eighth claim based on the 1933 Act will be dismissed without leave to amend.

The parties agree on the applicable limitation periods for the remaining claims: the first claim for common law fraud, the fourth claim for breach of fiduciary duty, and the fifth claim for negligence are governed by the two-year limitation of O.R.S. 12.110(1); the second claim for Oregon securities violations is governed by O.R.S. 59.115, which runs from the later of three years after the sale or two years after discovery of the facts upon which the violation is based; the seventh claim and the portions of the eighth claim based on the 1934 Act are governed by the analogous limitation under state law, the two-year period of O.R.S. 12.110(1); and the ninth claim for federal RICO violations is gov-

erned by the four-year limitation period of the Clayton Act. The parties do not dispute that for each of these claims, the limitation period commences when the facts upon which the claim is based were discovered or would have been discovered by a reasonably prudent person.

■ Defendants contend that the Pincetichs do not adequately allege discovery within the applicable limitation periods. The parties also discuss the issue of fraudulent concealment, but appear to agree that the amended complaint does not rely on this doctrine.

The amended complaint contains allegations regarding the Pincetichs' discovery of their claims. In the section entitled "FACTS RELEVANT TO ALL CLAIMS FOR RELIEF," the Pincetichs allege that "[d]efendants continued to represent to plaintiffs that the investments were secure, prudent, suitable, and reasonable, and plaintiffs did not discover and could not reasonably with the exercise of due diligence, have discovered the contrary until the summer of 1986." (Amended Complaint, ¶ 13). The Pincetichs also allege:

The returns on the investments were in a reasonable range in 1984, 1985, and through the first two quarters of 1986. By mid to late summer, 1986, the oil and gas industry began to suffer severe setbacks, and the value of plaintiffs' investments began to decline greatly. Jeanfreau had not diversified plaintiffs' investments sufficiently, with four of the five investments being either oil and gas, or real estate in cities heavily dependent on gas and oil. The values of the limited partnerships were not readily obtainable in The Oregonian or the Wall Street Journal. Not until the fall of 1986 did plaintiffs have reasonable storm warnings about the value of their investments, the declining income, or their budding causes of action against defendants. (Amended Complaint, ¶ 14).

Viewing these allegations in the light most favorable to the Pincetichs, the amended complaint adequately alleges discovery of the facts on which the claims are based less than two years before this ac-

tion was filed. The allegations also support the conclusion that a reasonably prudent person would not have discovered the claims earlier because the investments produced a reasonable return until the summer of 1986, and the values of the limited partnerships were not readily obtainable. The case of *Kinyon v. Cardon*, 69 Or.App. 546, 552, 686 P.2d 1048 (1984), does not require plaintiffs to allege a greater degree of diligence. In *Kinyon*, the plaintiffs filed suit more than two years after they had reason to suspect that the seller of their property had misrepresented the likelihood of flooding problems. Here, the Pincetichs allege that they could not with due diligence have discovered their claims until less than two years before they filed suit.

Therefore, the court will deny defendants' motion to dismiss the first, second, fourth, fifth, seventh and ninth claims, and the portions of the eighth claim based on the 1934 Act, for failure to comply with the applicable statutes of limitation.

## 2. Rule 9(b) Issues

■ Defendants contend that each of the claims in the amended complaint fails to meet the particularity requirements of Fed. R.Civ.P. 9(b), which states:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

It is appropriate to apply the particularity requirements of Rule 9(b) to each of the Pincetichs' claims because each of the claims is based upon the same set of facts, and in each claim, the alleged injury stems from the alleged misrepresentations or omissions of the defendants. *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1438–39 (9th Cir.1987).

The allegations of the amended complaint are sufficiently particular as to Alvey Jeanfreau. In paragraphs 7 through 10, the amended complaint describes several meetings between Alvey Jeanfreau and the Pincetichs and describes alleged repre-

sentations and omissions by Jeanfreau. These representations and omissions appear to form the basis of each of the nine claims.

■ The amended complaint does not identify any specific representations made by AJA, Inc. or IREC, although there are numerous general allegations tying these defendants to the claims, such as "[d]efendants represented to plaintiffs on December 23 and on the other purchase dates, that the investments were secure, that they were stable in value, that they were liquid, and that they would generate a good stream of income." (Amended Complaint, ¶ 12). The defendants are correct in stating that such allegations are not sufficiently specific to show that AJA, Inc. or IREC made any representations or omissions other than those alleged to have been made by Alvey Jeanfreau.

However, the amended complaint also alleges that Alvey Jeanfreau is a director, officer and controlling shareholder in AJA, Inc., that the Jeanfreau defendants are the servants and agents of IREC, and that the three defendants are conspirators in the acts and omissions set forth in the amended complaint. (Amended Complaint, ¶¶ 3–5). The representations and omissions of an officer or agent of a corporation may be imputed to the corporation, and a corporation may be held vicariously liable for torts committed by its officer or agent. The allegations of the amended complaint are sufficiently specific to support tort liability of AJA, Inc. or IREC for Alvey Jeanfreau's alleged representations and omissions. The allegations are also sufficient to support second liability as a controlling person or aider and abettor for the securities claims. Therefore, defendants' motion to dismiss for failure to plead with sufficient particularity under Rule 9(b) is denied.

The only representations now alleged with sufficient particularity are representations made by Alvey Jeanfreau. If the Pincetichs rely on representations made by other persons, they must amend their complaint to allege such representations with particularity.

### 3. Failure to State a Claim Issues

#### A. *RICO Claims*

■ To support a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., a plaintiff must allege that he has been injured by "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Jarvis v. Regan,* 833 F.2d 149, 151–52 (9th Cir.1987). Defendants contend that the Pincetichs' federal and state RICO claims should be dismissed because they do not allege which subsections defendants violated, do not plead the predicate acts with sufficient specificity, and fail to allege a pattern of racketeering activity.

Both parties agree that the federal and state RICO statutes are almost identical and that the state statute is interpreted consistently with the federal statute. *Ahern v. Gaussoin,* 611 F.Supp. 1465, 1494 (D.Or.1985). Thus, the Pincetichs' third and ninth claims will either stand or fall together.

The RICO claims allege that defendants' violations of the Oregon and federal securities acts (set out in other claims and incorporated into the RICO claims) constitute crimes, and that each such violation is a predicate act under RICO. As discussed elsewhere in this opinion, the Pincetichs have adequately alleged primary liability of Alvey Jeanfreau, and at least secondary liability of AJA, Inc. and IREC under the 1934 Act and Oregon securities laws.

The alleged securities violations are based upon the representations and omissions of Alvey Jeanfreau which lead to sales of various limited partnership securities on three separate dates. Although it is not clear whether the Pincetichs are attempting to allege additional representations which constitute additional securities violations, the amended complaint does sufficiently set out predicate acts as to the sale of five different limited partnership securities on three separate dates.

Defendants contend that these predicate acts cannot constitute a "pattern of racketeering activity" as interpreted by the Ninth Circuit. In *Jarvis, supra,* 833 F.2d

at 152–53, the court discussed at length the meaning of that phrase. Although the RICO statute requires at least two acts of racketeering activity, a small number of predicate acts may not be sufficient if they are isolated or lack continuity. The court stated that "we have framed the question as whether the acts are isolated or repeated and, if repeated, whether they pose a 'threat of continuing activity.'" *Id.* at 153 (quoting *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 193 (9th Cir.1987)).

In *Jarvis*, the court found that three alleged acts of mail and wire fraud committed to fraudulently obtain a single federal grant were not sufficient to form a pattern of racketeering activity. 833 F.2d at 153. In *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir.1986), the court held that alleged acts that led to only one shipment of goods did not meet the requirement of a pattern of racketeering activity absent a threat of continuing activity.

In this case, the Pincetichs have not alleged a threat of continuing activity in the amended opinion. The predicate acts alleged, whether classified by the three separate sale dates or by the five different securities sold, are all alleged to be part of a single scheme to defraud the Pincetichs, which took place over a period of a few months. The court finds that the amended complaint does not adequately allege a pattern of racketeering activity under the RICO statutes. Therefore, the third and ninth claims will be dismissed with leave to amend.

The court notes that the RICO claims should specify which subsections of the federal and Oregon RICO statutes were allegedly violated by each of the defendants. This is a matter which may be cured by amendment.

### B. Breach of Fiduciary Duty

■ Defendants contend that the amended complaint fails to allege facts supporting a fiduciary relationship between the Pincetichs and any of the defendants. As to Alvey Jeanfreau and AJA, Inc., defendants correctly state that stockbrokers are not normally fiduciaries, and that the distinction between stockbrokers and investment advisors is not decisive. *See Berki v. Reynolds Securities, Inc.*, 277 Or. 335, 342, 560 P.2d 282 (1977); *Wallace v. Hinkle Northwest, Inc.*, 79 Or.App. 177, 181, 717 P.2d 1280 (1986). However, a stockbroker or investment advisor may be a fiduciary "where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing the confidence." *Wallace*, 79 Or. App. at 181, 717 P.2d 1280 (quoting *Starkweather v. Shaffer*, 262 Or. 198, 205, 497 P.2d 358 (1972)).

The amended complaint alleges facts sufficient to meet the *Wallace* test. The Pincetichs allege that they told the Jeanfreau defendants that they were unsophisticated in investments, and that they desired investments that were safe, stable, secure, liquid, and that would produce a reasonable income flow. They also allege that they reposed trust and confidence in defendants and trusted defendants to come up with an investment strategy for their benefit.

Defendants contend that IREC cannot be a fiduciary because the amended complaint states that the Pincetichs did not know of IREC's existence. However, the Pincetichs' knowledge is not determinative. The amended complaint alleges that the Jeanfreau defendants acted as agents for IREC, and that IREC participated in a conspiracy to promote sales of securities that would produce the maximum profit to defendants without regard for the interests of the investors. In such a situation, the undisclosed principal (IREC) may have a fiduciary duty toward the investors, although the investors do not know of its existence.

Accordingly, the Pincetichs have adequately alleged a fiduciary relationship with all defendants.

### C. Actionable Representations

■ Defendants contend that the representations alleged by the Pincetichs are not actionable because they are mere state-

ments of opinion, not representations of fact. This contention must fail because the amended complaint sufficiently alleges a fiduciary relationship, and in such a relationship, statements of opinion may be actionable. *Jeska v. Mulhall,* 71 Or.App. 819, 821, 693 P.2d 1335 (1985).

▉ In addition, representations such as statements that certain investments are "safe," "solid," "secure," "stable," "liquid," and "would generate a good stream of income" may reasonably be interpreted as statements of fact rather than opinion. *Jeska,* 71 Or.App. at 822, 693 P.2d 1335. Finally, the amended complaint alleges that defendants omitted material facts regarding the relationship between the defendants and their motivations. Defendants' motion does not address these alleged omissions. Accordingly, this portion of defendants' motion to dismiss is denied.

## D. *Negligence Claim*

▉ Defendants attack the negligence claim on two grounds. First, defendants contend that the complaint contains no allegations of a duty owed by IREC to the Pincetichs. As discussed in section 3.B, the amended complaint adequately alleges that IREC had a fiduciary duty to the Pincetichs. In addition, the agency allegations are sufficient to support vicarious liability for the Jeanfreau defendants' negligent actions.

Second, defendants contend that the amended complaint does not sufficiently allege negligence per se. That claim merely alleges that "[d]efendants are negligent per se for violations of Oregon statutes, Oregon Administrative Rules, federal statutes, Federal Regulations, and regulations and rules of the NASD and NYSE." (Amended Complaint, ¶ 35). The defendants are entitled to know the specific statutes, rules and regulations which form the basis for the negligence per se claim. *Gattman v. Favro,* 86 Or.App. 227, 232, 739 P.2d 572 (1987). Moreover, a claim for negligence per se must also allege that the plaintiffs are members of the class of per-

sons meant to be protected by the statute, and that the injury is of the type which the statute was enacted to prevent. *Id.* Therefore, the negligence per se claim fails to state a claim upon which relief may be granted and will be dismissed with leave to amend.

## E. *Failure to Supervise*

[10] Defendants contend that the eighth claim for failure to supervise is not an independent cause of action, but merely a relevant factor in determining a broker's secondary liability for a controlled person's primary violation. Failure to supervise may be a basis for secondary liability. *Buhler v. Audio Leasing Corp.,* 807 F.2d 833, 836 (9th Cir.1987). Although the amended complaint is not optimally clear, the Pincetichs appear to be asserting a claim that AJA, Inc. and IREC committed secondary violations of the 1934 Act and Oregon securities law, as opposed to the primary violations alleged in other claims.

The eighth claim adequately alleges secondary violations by AJA, Inc. and IREC. Therefore, defendants' motion to dismiss the eighth claim will be denied.[2]

## CONCLUSION

Defendants' motion to dismiss the amended complaint is granted in part and denied in part. The sixth claim and those portions of the eighth claim based on the 1933 Act are dismissed without leave to amend because they are absolutely barred by the statute of limitations. As to the other claims, the Pincetichs have adequately alleged discovery within the applicable statutes of limitations, and defendants' motion is denied.

The portion of defendants' motion based on Rule 9(b) is denied as to the representations and omissions allegedly made by Alvey Jeanfreau. If the Pincetichs intend to rely on other representations or omissions by Alvey Jeanfreau, or by other persons, the complaint must be amended to identify such representations or omissions with particularity.

---

**2.** However, as discussed, *supra,* the portions of the eighth claim based on the 1933 Act are

barred by the statute of limitations and will be dismissed.

**1478**

The third and ninth claims under Oregon and federal RICO statutes fail to adequately allege a pattern of racketeering activity, or to specify the subsections violated, and are dismissed with leave to amend.

The fourth claim adequately alleges a breach of fiduciary duty against all defendants. The first claim alleges actionable representations. The eighth claim adequately alleges secondary violations under the 1934 Act and Oregon securities law. The portions of defendants' motion relating to these claims are denied.

The fifth claim adequately alleges a duty from defendants to the Pincetichs. However, the negligence per se claim is insufficient and is dismissed with leave to amend.

In summary, the sixth claim and those portions of the eighth claim based on the 1933 Act are dismissed without leave to amend. The portion of defendants' motion based on Rule 9(b) is denied as to the representations and omissions allegedly made by Alvey Jeanfreau, but granted with leave to amend as to any other representations or omissions by Alvey Jeanfreau or other persons. The third and ninth claims are dismissed with leave to amend. The portion of the fifth claim alleging negligence per se is dismissed with leave to amend. The remaining portions of defendants' motion are denied.