Dawn M. SCHMITT, Plaintiff,

v.

BEVERLY HEALTH AND REHABILITATION SERVICES, INC., Defendant.

Civil Action No. 96–2537–EEO.

United States District Court, D. Kansas.

April 2, 1997.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for plaintiff.

Renana B. Abrams, Jennifer P. Kyner, Stacey A. Campbell, Paul Venker, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Paul Venker, Armstrong, Teasdale, Schlafly & Davis, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's Motion to Dismiss Counts II, III, IV, and V, or For More Definite Statement (Doc. # 6). Plaintiff has responded and opposes the motion. For the reasons stated herein, the motion is granted.

### I. *Standards for a Motion to Dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A court judges the sufficiency of the complaint by accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The issue in resolving a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993).

A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1216, at 154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish her right to judgment. *Trevino v. Union Pacific R. Co.*, 916 F.2d 1230, 1234 (7th Cir.1990). Rule 8(a), however, still requires minimal factual allegations on those material elements that must be proved to recover on each claim. *See Hall v. Bellmon*, 935 F.2d at 1110. A court may not assume

that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *Associated General Contractors v. California State Council of. Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

### II. *Discussion*

In Count II of plaintiff's complaint, plaintiff states that she was "disciplined and fired from her employment because of her sex and pregnancy in violation of Title VII." Defendant moves to dismiss Count II of plaintiff's complaint, on the grounds that plaintiff has failed to plead the necessary prerequisites to maintaining a private right of action under Title VII. Specifically, defendant contends that plaintiff has failed to allege that she has exhausted her administrative remedies, inasmuch as plaintiff has not alleged that she received a notice of right to sue from the Equal Employment opportunity Commission, and the date of said receipt. In *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979), the court stated:

> [A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue. 42 U.S.C. § 2000e–5(f)(1). Neither the complaint nor the amended complaint alleges that any of the applicants-plaintiffs complied with these pre-

requisites. They were not entitled to sue under Title VII, and their claims were properly dismissed. *See Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147.

█ The court has carefully reviewed the allegations contained in Count II of plaintiff's complaint, and finds plaintiff has failed to allege any facts which show plaintiff has fulfilled these administrative prerequisites to filing suit. However, "[d]ismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir.1989). Accordingly, the court will grant defendant's motion pursuant to Rule 12(e), and allow plaintiff ten days from the date of this order to amend Count II of her complaint. If plaintiff fails to amend by that date, plaintiff will be deemed to have abandoned this claim.

█ With respect to Count III of plaintiff's complaint, defendant asserts that plaintiff fails to state a claim for whistle-blowing under Kansas law, because plaintiff fails to allege that she reported a violation of a specific rule, regulation, or statute pertaining to public health, safety, or the general welfare. In *Palmer v. Brown*, 242 Kan. 893, 900, 752 P.2d 685, 689–90 (1988), the Kansas Supreme Court recognized a cause of action for whistle-blowing under Kansas law:

> Public policy requires that citizens in a democracy be protected from reprisals for performing their civil duty of reporting infractions of rules, regulations, or the law pertaining to public health, safety, and the general welfare. Thus, we have no hesitation in holding termination of an employee in retaliation for the good faith reporting of a serious infraction of such rules, regulations, or the law by a co-worker or an employer to either company management or law enforcement officials (whistleblowing) is an actionable tort. To maintain such action, an employee has the burden of proving by clear and convincing evidence, under the facts of the case, a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules,

regulations, or the law pertaining to public health, safety, and the general welfare; the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and the employee was discharged in retaliation for making the report.

*See also Zinn v. McKune,* 949 F.Supp. 1530, 1536–37 (D.Kan.1996) (citing *Palmer* for elements of whistle-blowing cause of action).

Viewing the complaint in the light most favorable to plaintiff, the court is unable to find plaintiff's allegations in Count III sufficient to state a claim for whistle-blowing. Plaintiff's complaint is devoid of any allegation that plaintiff complained of an infraction of a rule, regulation, or law related to public health, safety or welfare. Accordingly, the court will grant defendant's motion pursuant to Rule 12(e), and allow plaintiff ten days from the date of this order to amend Count III of her complaint to adequately state the basis of her claim. If plaintiff fails to amend by that date, plaintiff will be deemed to have abandoned this claim.

Count IV of plaintiff's complaint alleges a claim of disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant argues that plaintiff's Count IV fails to state a claim under the ADA because plaintiff's complaint does not allege that plaintiff has filed an administrative charge of disability discrimination.

■ Before an aggrieved party may file suit in federal court under Title VII or the ADA, he or she must exhaust administrative remedies. Title VII administrative remedies, including the requirement that a claimant receive a right-to-sue notice before bringing a civil action, are made applicable to claims brought under the ADA by 42 U.S.C. § 12117. *Arwine v. Bd. of Trustees of Lawrence Memorial Hospital,* Civ. A. No. 93–2416–GTV, 1994 WL 243756 (D.Kan. May 18, 1994). *See also Olds v. Alamo Group (KS), Inc.,* 889 F.Supp. 447, 449–50 (D.Kan.1995) (in the context of private employers, ADA incorporates the remedies and procedures of Title VII). Plaintiff's claims under Title VII and the ADA must be filed within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a).

■ Plaintiff has not alleged in her complaint that she has exhausted her administrative remedies and obtained a right-to-sue letter with regard to her ADA claim. In a deferral state, like Kansas, a claimant may either file the charges directly with the state agency or file them with the EEOC and rely on the EEOC to refer them to the proper state agency. *Morris v. State of Kansas Department of Revenue,* 849 F.Supp. 1421, 1427 (D.Kan.1994). A general allegation that plaintiff has complied with the conditions precedent to filing Title VII and ADA claims is sufficient to withstand a motion to dismiss. *See* Fed.R.Civ.P. 9(c). Plaintiff states in her complaint that she "requested that her administrative complaint include an ADA claim, however, the agency declined to memorialize her ADA." Plaintiff's Complaint at 2, ¶ 3. Although plaintiff does not specify which agency—the Kansas Human Rights Commission or the EEOC—"declined to memorialize her claim," the court is left with no doubt that plaintiff is unable to allege a set of facts demonstrating that she has met the administrative exhaustion requirements for filing an ADA claim. Plaintiff has not alleged that either agency issued her a right-to-sue letter, nor can she so allege under the facts presented in her complaint. Therefore, the court finds that defendants' motion to dismiss Count IV for failure to exhaust administrative remedies should be granted.

■ In Count V, plaintiff alleges that defendant's termination of plaintiff's employment violates the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* Defendant asserts that although plaintiff has alleged that defendant was a "covered employer," plaintiff has not alleged that she was an "eligible employee" under the FMLA. "In order to state a claim under the FMLA, a complaint must at least contain allegations which establish that, within the meaning of the FMLA, the defendant employer is an 'employer' and the plaintiff employee is an 'eligible employee.' " *Burke v. Nalco Chemi-*

*cal Co.,* 1996 WL 411456 (N.D.Ill.1996). In *Burke,* the court held:

> In the present case, the plaintiff's amended complaint is devoid of any allegations which assert ... that Burke is an "eligible employee" under the FMLA. Though the plaintiff may believe that such allegations are "obvious" and thus rendered unnecessary, absent such allegations, the complaint is plainly deficient and cannot state a claim under the FMLA.

*Id.* at *3.

 Plaintiff's complaint is similarly devoid of any allegations regarding whether plaintiff was an "eligible employee" pursuant to 29 U.S.C. § 2611(2). Only "eligible employees" are entitled to employment leave under the FMLA. 29 U.S.C. § 2612. Moreover, the court finds that, based on the facts alleged in the complaint, plaintiff is unable to meet the definition of "eligible employee" as defined in 29 U.S.C. § 2611(2). Section 2611(2) defines "eligible employee" as "an employee who has been employed (i) for at least twelve months by the employer with respect to whom leave is requested ...; and (ii) for at least 1,250 hours of service with such employer during the previous twelve-month period." Plaintiff states in her complaint that she began working at Colonial Manor Nursing Care Center on June 9, 1994 (Complaint at ¶ 7), and that she was fired on January 24, 1995 (Complaint at ¶ 23), approximately seven months later. Thus, under the facts as alleged by plaintiff, plaintiff is unable to meet the statutory definition of "eligible employee." Accordingly, the court will grant defendant's motion to dismiss Count V for failure to state a claim.

Both sides request attorney fees. While the court is unimpressed with plaintiff's response to defendant's motion, the court declines to award either side attorney fees at this time.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss Counts II, III, IV, and V, or For More Definite Statement (Doc. # 6) is granted. Plaintiff is granted leave to amend her complaint with respect to Counts II and III by April 21, 1997. Plaintiff's Counts IV and V are dismissed.