James C. GRAHAM and Maria Teresa Graham, Plaintiffs,

v.

PRUDENTIAL HOME MORTGAGE COMPANY, INC. and Norwest Mortgage, Inc., Defendants.

No. 99–1012–JTM.

United States District Court, D. Kansas.

June 3, 1999.

Larry D. Toomey, J. Darin Hayes, Toomey, Russell, Pilgreen & Innes, Wichita, KS, for Plaintiffs.

Carol Bonebrake, Cosgrove, Webb & Oman, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

Currently pending before the court are the defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6), or in the alternative for a more definite statement and the plaintiffs' motion to amend their complaint, should the court find it is insufficient to state a claim. Plaintiffs filed their complaint on January 11, 1999. On March 15, 1999, the defendants filed their motion to dismiss to which plaintiffs responded. On April 6, 1999, plaintiffs filed their motion to amend their complaint. The defendants did not respond to that motion. The court has examined the parties' submissions and is prepared to rule. For the reasons set forth below, the defendants' motion to dismiss is denied without prejudice and the plaintiffs' motion to amend is granted.

### I. Standards for a Rule 12(b)(6) Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A court may not grant a motion to dismiss for failure to state a claim unless it appears the plaintiffs can prove no set of facts that would entitle them to relief. *Jacobs, Visconsi & Jacobs Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). "A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2)." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1363, at 460 (1990). Rule 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a) requires minimal factual allegations on the material elements that must be proven to recover on each of the plaintiffs' claims. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). The statements of the complaint

need not be factually detailed; however, they must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "If the complaint is 'too general,' then it will not provide fair notice to the defendant." *Schmitt v. Beverly Health and Rehabilitation Servs., Inc.*, 962 F.Supp. 1379, 1381 (D.Kan.1997).

In deciding a motion to dismiss, the court accepts the allegations of the complaint as true and construes them in the light most favorable to the plaintiffs. *Hall*, 935 F.2d at 1109. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* at 1110. In resolving a Rule 12(b)(6) motion, the issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims. *Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1228 (10th Cir.1987).

A defendant may file a motion for a more definite statement when the complaint "is so vague or ambiguous" that the defendant "cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).[1] "Whether to grant or deny such a motion lies within the sound discretion of the court." *Black & Veatch Int'l Co. v. Wartsila NSD N. Am., Inc.*, No. CIV.A. 97–2556–GTV, 1998 WL 264738, at *1 (D.Kan. May 21, 1998).

Rule 15(a) allows plaintiffs to amend their complaints: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).[2] The decision whether to grant leave to amend lies within the sound discretion of the trial court. *Long v. United States*, 972 F.2d 1174, 1183 (10th Cir.1992). Courts typically consider several factors in determining whether to allow amendment of a complaint: "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed." *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1184 (10th Cir.1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984).

## II. Analysis

Plaintiffs have included ten claims in their complaint: (1) breach of written contract; (2) breach of oral contract; (3) breach of fiduciary duty; (4) negligence; (5) violation of state statutes and/or regulations governing real estate transactions, loan servicing, and mortgages; (6) violations of state statutes and/or regulations governing fair practices to consumers and/or home buyers; (7) violations of federal statutes and/or regulations governing real estate transactions, loan servicing, and mortgages, including but not limited to RESPA; (8) violations of federal statutes and/or regulations governing fair practices to consumers and/or home buyers; (9) violations of federal rules and/or regulations governing real estate transactions, home loans, and mortgages guaranteed by or secured with the assistance of the

---

1. Specifically, Rule 12(e) provides:
   If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e).

2. Technically, plaintiffs do not need leave of court to amend their complaint. "Ordinarily, a motion to dismiss is not deemed a responsive pleading. A motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985) (citations omitted). Because the defendants have yet to file a responsive pleading, plaintiffs could have amended their complaint once as a matter of course.

Veterans Administration; and (10) reckless, wanton, and/or fraudulent conduct. Plaintiffs have provided little, if any, factual support for their ten claims, making it difficult for the defendants to respond to their allegations. However, because "[d]ismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice," *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989), the court will allow plaintiffs to amend their complaint. In their amended complaint, they shall set out the facts they claim give rise to this dispute. At this time, the court will deny the defendants' motion to dismiss without prejudice to its refiling if the new complaint fails to provide an adequate factual basis.

IT IS SO ORDERED this 3rd day of June 1999, that the defendants' motion to dismiss (dkt. no. 3) is denied without prejudice and plaintiffs' motion to amend (dkt. no. 8) is granted.