**James Bryan HOLLER, Plaintiff,**

v.

**CINEMARK USA, INC., Defendant.**

**No. CIV.A. 01–CV–2528–KHV.**

United States District Court,
D. Kansas.

Feb. 4, 2002.

J. Charles Droege, Overland Park, KS, for plaintiff.

Ryan E. Kariam, John G. Schultz, Franke & Schultz, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

James Bryan Holler brings suit against Cinemark USA, Inc. ("Cinemark") for negligence (Count I) and negligence per se (Count II). Cinemark moves to dismiss Count II pursuant to Rule 12(b)(6), Fed. R.Civ.P. This matter is before the Court on Defendant's Motion To Dismiss (Doc. # 4) filed November 13, 2001. For reasons set forth below, defendant's motion is sustained.

## Legal Standards

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers., Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The issue in reviewing the sufficiency of plaintiff's complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. See *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although plaintiff need not precisely state each element of his claim, plaintiff must plead minimal factual allegations on material elements that must be proved. See *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

## Factual Background

Plaintiff alleges the following facts, which the Court accepts as true for the purposes of this motion: [1]

Cinemark owns a movie theater in Merriam, Kansas. On September 24, 1999, plaintiff purchased a ticket to see a movie at its theater. Plaintiff has multiple sclerosis and is confined to a wheelchair. When plaintiff arrived in the theater, he used a ramped aisle to make his way to the wheelchair accessible section. When the movie ended, he proceeded back to the ramped aisle. As he exited, he stopped his wheelchair and backed up to allow others to pass. When he backed up, his wheelchair rolled down a stair which was adjacent to the ramped aisle. The wheelchair fell backwards to the floor, knocking plaintiff unconscious and severely injuring his back.

## Analysis

■ To establish a claim of negligence per se, plaintiff must show that (1) defendant violated a statute, ordinance or regulation; (2) the statute was adopted to protect the class of persons in which plaintiff is included and to protect against the type of harm which occurred as a result of its violation; and (3) the alleged violation was the proximate cause of plaintiff's injury. See *Marino v. Sander,* 834 F.Supp. 1335, 1340 (D.Kan.1993). Cinemark argues that plaintiff's negligence per se claim fails for the following reasons: (1) plaintiff has not specified any particular statutory violation in his complaint; (2) K.S.A. § 44–1001 and K.S.A. § 44–1009(c)(1) cannot provide the basis for plaintiff's claim of negligence per se; and (3) K.S.A. § 44–1001 and K.S.A. § 44–1009(c)(1) were not enacted to protect plaintiff from the type of personal injuries he sustained. In addition, Cinemark contends that plaintiff's negligence per se claim is an attempt to circumvent the administrative requirements of the KAAD, which plaintiff failed to exhaust. Cinemark therefore requests attorney fees pursuant to K.S.A. § 60–211(c).

## I. Failure To Specify Any Particular Statutory Violation

■ Cinemark argues that plaintiff's complaint must fail because it does not identify a specific statute that supports a claim of negligence per se. See plaintiff's First Amended Petition at 4 (alleging that unidentified "local, state, and federal statutes, guidelines and regulations" were enacted to protect persons with disabilities

---

**1.** Plaintiff filed suit in the District Court of Johnson County, Kansas, and Cinemark removed the case to this Court. See Notice of Removal (Doc. # 1) filed November 5, 2001.

such as those suffered by plaintiff, and that defendant's facilities did not meet those statutes, guidelines and regulations), attached to Notice Of Removal (Doc. # 1) filed November 5, 2001. In *Pincetich v. Jeanfreau*, 699 F.Supp. 1469 (D.Or.1988), plaintiff brought a negligence per se claim based on violations of "Oregon Administrative Rules, federal statutes, Federal Regulations, and regulations and rules of the NASD and NYSE." *Id.* at 1477. Applying Oregon law, the district court held that plaintiffs had not stated a claim on which relief could be granted because they did not plead the specific statutes, rules and regulations which formed the basis for the negligence per se claim. See *id.*

Plaintiff attempts to distinguish Pincetich by noting that plaintiffs in that case had not alleged that they were members of the class of persons the statute at issue was meant to protect or that their injuries were the type that the statute was intended to prevent. See Plaintiff's Response to Defendant's Motion to Dismiss (Doc. # 7) filed December 1, 2001 at 3. In Pincetich, however, the district court gave two independent reasons for dismissing plaintiffs' claim. First, it held that plaintiffs had not cited the specific statute, rule or regulation that was violated. See *Pincetich*, 699 F.Supp. at 1477. Second, it held that plaintiffs had not alleged that they were members of the class of persons meant to be protected by the statute or that this injury was the type which the statute was enacted to prevent. See *id.*

■ Notice pleading requirements suggest that plaintiff must plead the specific statute on which he bases his claim for negligence per se.[2] See *Graham v. Prudential Home Mortgage Co.*, 186 F.R.D. 651, 653 (D.Kan.1999) (plaintiff must give defendant fair notice of what claim is and

what grounds it rests upon). "If the complaint is 'too general,' then it will not provide fair notice to the defendant." *Id.* (quoting *Schmitt v. Beverly Health and Rehab. Servs., Inc.*, 962 F.Supp. 1379, 1381 (D.Kan.1997)). If plaintiff brings a claim based on a specific statute, it logically follows that plaintiff must plead the statute on which the claim is based. In this case, plaintiff's generic complaint that defendant violated unspecified "local, state and federal statutes, guidelines and regulations" does not provide fair notice of his claim. It is therefore subject to dismissal under Rule 12(b)(6).

In his response to defendant's motion to dismiss, plaintiff cites the Kansas Act Against Discrimination ("KAAD") as the basis for negligence per se. Specifically, plaintiff relies on K.S.A. § 44–1001, which states that the purpose of the KAAD is to protect the safety, health, and peace of people of the State of Kansas, and K.S.A. § 44–1009(c)(1), which makes it unlawful for any owner or operator of any place of public accommodation to directly or indirectly deny or make a distinction in offering its goods, services, facilities and accommodations to any person because of disability. Plaintiff's citation is insufficient to avert dismissal of Count II, however, because in addressing a motion to dismiss under Rule 12(b)(6), the Court examines the sufficiency of plaintiff's complaint—not the sufficiency of unpleaded theories of liability.

Defendant argues that on the merits, the cited provisions do not supply a legally sufficient basis for a theory of negligence per se. At this time, plaintiff has not filed a complaint which attempts to invoke section 44–1001 or section 44–1009(c)(1) as a basis for recovery under a theory of negli-

---

**2.** No Kansas court or federal court applying Kansas law has directly addressed whether a plaintiff is required to plead the specific stat-

ute that provides support for a negligence per se claim. The Court therefore looks to the requirements of notice pleading.

gence per se. While the Court is doubtful that plaintiff can successfully plead such a theory, it declines to address that issue in a vacuum.

## II. Cinemark's Request For Attorney Fees

██ In its reply brief, Cinemark argues that plaintiff brought his negligence per se claim in bad faith in an attempt "to circumvent the statutory administrative exhaustion requirement and damage cap of the KAAD."[3] Defendant's Reply In Support Of Motion to Dismiss (Doc. # 8) filed December 28, 2001 at 2. Cinemark asks for attorney's fees pursuant to K.S.A. § 60–211. The Court need not address defendant's claim under K.S.A. § 60–211 because it is a Kansas procedural statute and, as such, it does not apply to an action in federal court. See *Sapp v. Greif,* 961 F.Supp. 243, 248 (D.Kan.1997), aff'd, 141 F.3d 1185, 1998 WL 165116 (10th Cir. 1998). Accordingly, the Court will treat defendant's request as a motion for sanctions filed pursuant to Rule 11, Fed. R.Civ.P. See *Schbley v. Gould,* No. 91–1420, 1996 WL 363043 at *3 (D.Kan. June 7, 1996). So construed, the Court overrules defendant's request because it was first raised in its reply brief. See *Wagher v. Guy's Foods, Inc.,* 765 F.Supp. 667, 671 (D.Kan.1991) ("In pursuit of fairness and proper notice, this court's practice is to deny or exclude summarily all arguments and issues first raised in reply briefs."). Defendant also has failed to comply with Rule 11, Fed.R.Civ.P. because its request for sanctions was not filed separately from its reply brief and it did not wait 21 days after service of the request for sanctions before filing a motion with the Court. See

Fed.R.Civ.P. 11(c)(1)(A). Defendant's request for sanctions is therefore overruled.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss (Doc. # 4) filed November 13, 2001 be and hereby is **SUSTAINED.**

---

**3.** Cinemark contends that because plaintiff based his negligence per se claim on a statute that contains express administrative requirements which plaintiff has not met, plaintiff's negligence per se claim must fail. The Court

need not address Cinemark's argument at this time because the Court has determined that plaintiff's negligence per se claim must be dismissed on other grounds.